IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN ELLIS,

    Petitioner,                      No. CIV S-05-0316 FCD DAD P

    vs.

ROSEANNE CAMPBELL, et al.,

    Respondents.                  <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a decision of the California Board of Parole Hearings[1] in August 2003 finding him unsuitable for parole. The matter is before the court on respondents' motion to dismiss.

        Respondents argue that the petition should be dismissed for lack of federal subject matter jurisdiction and assert that there is no federally protected liberty interest in parole. Respondents rely on <u>Sass v. California Board of Prison Terms</u>, 376 F. Supp. 2d 975 (E.D. Cal. 2005), in which the district court held that California prisoners do not have a liberty interest in

---

[1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1

1   parole. The Ninth Circuit has ruled that the district court's holding in Sass was based on a
2   misreading of In re Dannenberg, 34 Cal. 4th 1061 (2005). Sass v. California Board of Prison
3   Terms, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006). The
4   Ninth Circuit concluded that "Dannenberg does not explicitly or implicitly hold that there is no
5   constitutionally protected liberty interest in parole." Id. Accordingly, "California inmates
6   continue to have a liberty interest in parole after In re Dannenberg." Id. at *1. Under clearly
7   established Supreme Court authority, "'California's parole scheme gives rise to a cognizable
8   liberty interest in release on parole.'" Id. at *3 (quoting McQuillion v. Duncan, 306 F.3d 895,
9   902 (9th Cir. 2002)). The liberty interest exists even for prisoners who have not already been
10  granted a parole date. Id. (citing Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003)).

In light of the Ninth Circuit's holding in Sass, IT IS HEREBY ORDERED that:

1. Respondents' January 20, 2006 motion to dismiss is denied;

2. Respondents shall file and serve a new response to petitioner's habeas petition within thirty days after this order is filed. See Rule 4, Fed. R. Governing § 2254 Cases. An answer to the petition shall be accompanied by all transcripts and other documents relevant to the issues presented in the habeas petition. See Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to petitioner's habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after the answer is served; and

4. If the response to petitioner's habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after the motion is served, and respondents' reply, if any, shall be filed and served within fifteen days after petitioner's opposition is served.

DATED: September 1, 2006.

DAD:4
ellis316.sassmtd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE