1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NATHAN ELLIS,

11            Petitioner,                No. CIV S-05-0316 FCD DAD P

12        vs.

13   ROSANNE CAMPBELL, et al.,

14            Respondents.           FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a former state prisoner proceeding pro se with an amended petition

17   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the August 2003

18   decision by the California Board of Parole Hearings[1] (Board) finding him unsuitable for parole.

19   Before the court is respondents' motion to dismiss for failure to exhaust state remedies and, in

20   the alternative, motion to stay the proceedings pending resolution of all current state court

21   proceedings.  This is respondents' second motion to dismiss.  Petitioner opposes the motion.  For

22   the reasons set forth below, the court will recommend that respondents' motion be denied but

23   that this action be dismissed as moot.

24   /////

25   _____

26        [1]  Formerly named, the Board of Prison Terms.

1

PROCEDURAL HISTORY

On August 21, 2003, petitioner appeared before the California Board of Parole Hearings for his thirteenth parole consideration hearing.  (Am. Compl., filed 12/8/05, at 5.)  The Board denied parole.  (Id.)  On October 22, 2003, petitioner appealed that decision to the Board of Prison Terms, Office of Policy and Appeals.  (Court Document No. 1, Pet., Ex. C[2].)  On January 13, 2004, petitioner's appeal was rejected.  (Id.)

Petitioner next filed a habeas petition with the Superior Court of the County and City of San Francisco challenging the 2003 parole denial.  The petition was denied on April 26, 2004.  (Id. Pet. at 6.)  Petitioner then filed a habeas petition with the California Court of Appeal for the First Appellate District.  That petition was denied on May 18, 2004.  (Id.)   Petitioner sought habeas relief from the California Supreme Court.  On January 12, 2005, the Court summarily denied the requested relief.  (Id. Pet., Attach. 2[3]; Opp'n at 3.)

On February 10, 2005, petitioner filed a federal petition for a writ of habeas corpus with the U.S. District Court for the Northern District of California seeking review of his 2003 parole denial.  On February 16, 2005, the action was transferred to the U.S. District Court for the Eastern District of California, Sacramento Division because petitioner is incarcerated at Mule Creek State Prison in Amador County which is part of the Eastern District.  (Id.)  On December 8, 2005, petitioner filed his amended petition pursuant to the court's order filed on November 7, 2005.

On March 9, 2005, petitioner was denied parole for the fourteenth time by the Board.  Petitioner filed a state habeas petition challenging the March 2005 parole denial.  On March 28, 2006, the Superior Court for the City and County of San Francisco granted the petition, ordered the Board of Parole Hearings "to vacate its denial of parole. . ., hold a new

---

[2]  Court Document No. 1 at CM/ECF Part 4, at 22.

[3]  Court Document No. 1 at CM/ECF, Main Document, at 31.

1 | hearing, and issue a new order as to Petitioner's suitability for parole within 65 days of the date

2 | of this order." (MTD, Ex. A at 20-21.)

3 |       On May 17, 2006, the Board found petitioner to be suitable for parole and granted

4 | petitioner a parole date. (Id., Ex. C, letter from Deputy Attorney General Hein, dated 12/1/06, at

5 | 1.) On September 5, 2006, Governor Schwarzenegger referred the case back to the Board for an

6 | en banc consideration of the Board's May 2006 decision. (Id., Ex. B, Indeterminate Sentence

7 | Parole Release Review, dated Sept. 5, 2006.) On November 20, 2006, the Board conducted an

8 | en banc review and found petitioner unsuitable for parole. (Opp'n at 4.) On November 21, 2006,

9 | the Board vacated its November 20 decision because "procedurally the action should have been

10 | referred for a rescission hearing." (Id., Ex. B at 1.) The Board ordered that the case be scheduled

11 | for a rescission hearing on the next available calendar. (Id.) As of December 1, 2006, the

12 | rescission hearing had not yet been scheduled. (Id., Ex. C at 1.)

13 |       Finally, on January 30, 2007, petitioner filed a notice of change of address

14 | indicating that he is no longer in custody and that he is now living in Carmichael, California.

15 | ANALYSIS

16 | A. <u>Motion to Dismiss</u>

17 |       In their motion to dismiss, respondents argue that this action should be dismissed

18 | because petitioner has a pending habeas action before the California Court of Appeal and thus,

19 | has not exhausted state court remedies. In support of this assertion, respondents provide only a

20 | copy of a letter from the Attorney General's Office to the California Court of Appeal, dated

21 | December 1, 2006. In that letter, respondents acknowledged that on May 17, 2006, the Board of

22 | Parole Hearings found petitioner suitable for parole at a hearing that was ordered by the Superior

23 | Court for the City and County of San Francisco. Respondents also informed the Court of Appeal

24 | that petitioner's parole status was pending a rescission hearing at which petitioner's parole grant

25 | could be rescinded or reaffirmed, or the release date could be extended. (MTD, Ex. C at 1.)

26 | Respondents argue that since petitioner "has a substantial opportunity of receiving the relief he

3

1   seeks from the state courts in pending proceedings, the federal court should dismiss this petition

2   or defer ruling upon his federal Petition." (MTD at 3.) Finally, respondents assert in their

3   motion that because the "state court . . .may provide him the relief he seeks, this action is moot

4   and must be dismissed." (Id. at 4.)

5          In his opposition to the motion to dismiss, petitioner argues that he has exhausted

6   state court remedies with respect to his challenge to the Board's 2003 parole denial. The court

7   agrees. On January 12, 2005, the California Supreme Court summarily denied petitioner's state

8   habeas petition which challenged the Board's 2003 denial of parole. The fact that petitioner has

9   another challenge pending in state court to a subsequent parole denial does not render the claim

10  presented in this action unexhausted. Next, petitioner argues that his state habeas action

11  challenging his 2005 parole denial is unrelated to his pending federal habeas action challenging

12  his 2003 parole denial. The court agrees that the state court's action on the 2005 parole denial

13  does not render this action moot. A subsequent parole hearing does not moot a challenge to an

14  earlier parole decision. See Hodge v. Carey, No. CIV S-02-2157 DFL EFB P, 2007 WL 163247,

15  at *3 (E.D. Cal. Jan. 18, 2007) (holding that a federal habeas action is not mooted by a

16  subsequent hearing because the subsequent hearing does not necessarily cure defects that

17  occurred at the prior hearing); Fowler v. Butler, No. CIV S-02-2250 GEB JFM P, 2006 WL

18  2382141 (E.D. Cal. Aug. 17, 2006) (holding that a subsequent parole consideration hearing does

19  not moot a federal habeas petition challenging a prior denial of parole); Jones v. Sollis, No. C 04-

20  2105 JSW, 2006 WL 927699 (N.D. Cal. April 10, 2006) (holding that a subsequent parole

21  eligibility hearing does not render the pending challenge moot when the claim is capable of

22  repetition yet evading review).

23          Therefore, the court will recommend that respondents' motion to dismiss the

24  petition as unexhausted and moot, be denied. However, the court will also recommend that

25  respondents' alternate motion to stay proceedings be denied in light of the conclusion, set forth in

26  detail below, that petitioner's subsequent release has rendered this action moot.

B.  Petitioner's Release from Custody

In his amended habeas petition pending before this court, petitioner argues that the Board's 2003 decision was not supported by sufficient evidence.  Petitioner claims that he has a liberty interest in being released on parole and disputes the Board's findings that the offense of conviction was committed in a particularly cruel, callous, and calculated manner in total disregard for human suffering, and that if released, he would pose an unreasonable risk of danger to public safety.  As relief, "petitioner request[s] this court to issue a show cause order to inquire into the constitutionality and sufficiency of the evidence employed by the Board of Prison Terms to find that petitioner poses an unreasonable risk to public safety."  (Am. Pet., Attach. at 22.)

The relief petitioner seeks in his amended petition is release on parole.  Since petitioner has been released, the court must consider whether this action is now moot.

> A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution."  Spencer v. Kernna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)).  In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings."  United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.) cert. denied, 534 U.S. 878, 122 S. Ct. 178, 151 L. Ed. 2d 123 (2001).

Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  When a habeas petitioner challenges issues relating to his parole and subsequently obtains release on parole, the habeas action is rendered moot.  See Burnett v. Lampert, 432 F.3d 996, 1001 (9th Cir. 2005) (habeas petition claiming that state parole board unconstitutionally deferred parole release date rendered moot by petitioner's release on parole); Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555-56 (9th Cir. 1987) (holding action moot where petitioner was released on parole and the pending habeas petition challenged the Parole Commission's evaluation of the severity of the commitment offense which resulted in a later parole release); Brady v. United States Parole Comm., 600 F.2d 234, 236 (9th Cir. 1979) (holding that the action was rendered moot where petitioner was released on parole and habeas petition challenged Parole Commission's decision

1  to keep petitioner in custody).   Therefore, the court concludes that since petitioner has obtained

2  the relief sought in his amended petition, this action is moot.  See Burnett, 432 F.3d at1000-01;

3  Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) ("If it appears that we [the court] are

4  without power to grant the relief requested, then this case is moot.").

5          Accordingly, IT IS HEREBY RECOMMENDED that:

6          1.  Respondents' December 6, 2006 motion to dismiss, or in the alternative,

7  motion to stay proceedings, be denied; and

8          2.  This action be dismissed as moot.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within ten days after service of the objections.  The parties are advised

15  that failure to file objections within the specified time may waive the right to appeal the District

16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: July 6, 2007.

18

19                  _____

20                  DALE A. DROZD
                   UNITED STATES MAGISTRATE JUDGE

21  DAD:4
   elli0316.mtd2

22

23

24

25

26

                6